Western Union Telegraph Co. v. Georgia Cotton Co.

1. Where, at one of its minor offices, a telegraph company does not
directly employ an agent of its own, but by some arrangement
with a railroad company obtains the services of its agent in the
business of sending, receiving and delivering telegraphic messages,
the office hours established by the railroad company, if reasonable,

are upon the same footing as if they were established directly by the telegraph company.  Although the operator so employed may voluntarily, and as matter of accommodation, habitually return to his office after the office hours have expired, and in this way may be more attentive to the interests and wishes of the public than his duties require him to be, the company will not be bound to keep the office open on all occasions because the operator has done so habitually on most occasions.

2. It is a question for the jury, and not for the court, to determine whether the condition of the operator's family on a particular occasion would justify him in closing his office and absenting himself therefrom somewhat earlier than usual.  And although he may have foreseen that his duty to his family would probably require him to do this on that occasion, it was not obligatory upon him, as matter of law, to forewarn the telegraph company, nor upon the company to employ a substitute for him at that time.

3. In the absence of a special contract to transmit immediately, or of an express request for information, it is not obligatory upon a telegraph company to acquaint a customer with the office hours of the company at the point to which a message delivered by him for transmission is directed.                *Judgment reversed.*

August 14, 1894.

Action for penalty.  Before Judge BOWER.  Dough-erty superior court.  October term, 1893.

The suit was upon two messages sent from Albany to Pelham.  One was filed for transmission at 6.40 P. M., September 17; the other at 6.45 P. M., September 18. They were delivered, respectively, at 8.05 and 8.35 A. M., September 18 and 19.  The evidence tends to prove that there were attempts to transmit them on the evenings they were filed, and that the failure in earlier transmission and delivery was due to the absence of the agent and operator from the Pelham office until the following morning in each case.  He testified that he was employed and paid by the S., F. & W. Railway Co., which had an arrangement with the telegraph company for the operation of the telegraph line ; that he received his instructions from the railway company, none from the telegraph company, and was allowed thereunder to close the office at 6.30 P. M., but he frequently had work

to do and stayed in the office until 8 or 9 o'clock, and had been in the habit of sending and receiving dispatches for the telegraph company later than 8 o'clock, sometimes at 9 or 10 o'clock when he was there; that he was at home on the nights in question, on account of the condition of his wife, etc. Among the instructions in the charge of the court, which were assigned as error in the motion for new trial after verdict for the plaintiff, were, that although the agent had the privilege of leaving the office at 6.30 p. m., under the rules established by the railway company, if he usually and ordinarily remained there until 8 o'clock, sending and receiving dispatches for the telegraph company, that conduct on his part would make that the usual office hour for closing, and the company would be bound by it; and that while the company would be excused for delay occurring by reason of the agent being required to leave the office by sudden or extraordinary providential occurrence, yet if the same was of such nature and of such slow progress that the agent was aware of it beforehand and had opportunity to notify the company to have some one to take his place at the office, so that the public would not be inconvenienced in the receiving and forwarding of dispatches, the company would not be excused by his absence from the office under such circumstances.

Gustin, Guerry & Hall, for plaintiff in error.
D. H. Pope, contra.